UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EMERGENCY SERVICES BILLING CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11-cv-0492-RLY-TAB |
| VITRAN EXPRESS, INC. and MIKE BROWN, | ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Defendants, Vitran Express, Inc. ("Vitran") and Mike Brown ("Brown"), move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is **DENIED**.

**I.   Background**

On July 30, 2008, Brown was operating a tractor-trailer, owned by Vitran, to deliver a load of textbooks to Delta High School.  (Complaint ¶¶ 5, 7).  In addition to the textbooks, the tractor-trailer also held a large plastic container containing approximately 300 gallons of a hazardous substance.  (*Id*. ¶¶ 8-9).  When Brown backed his tractor-trailer to the school's loading dock, the truck was leaking a fluid. (*Id*. ¶ 8).  It was eventually determined that the leaking fluid originated from the large plastic container in the truck.  (*Id*. ¶ 12).

The fluid was identified as UN 1903 with Guide 153 in the paperwork that Brown

had at the time. (*Id*. ¶ 9). That classification designates the fluid as a hazardous Class 8 corrosive liquid disinfectant. (*Id*.). The Emergency Response Guidebook identifies UN 1903 as a "toxic" substance and warns, among other things, to stay upwind of leaks, and that contact with water presents explosion hazards. (*Id*. ¶ 10). The Guidebook states that leaks of this substance should be isolated in all directions for at least one hundred fifty (150) feet. (*Id*.).

Brown relocated the tractor-trailer to an area where the leaking fluid threatened a nearby waterway, presenting both a pollution risk and an explosion hazard. (*Id*. ¶ 11). As a result, the Hamilton Township Volunteer Fire Department ("Hamilton Township") was dispatched. (*Id*. ¶ 12). After contacting the local Emergency Management Agency office for guidance, Hamilton Township dyked the spill, provided hazmat confinement, and established a Hot Zone. (*Id*. ¶¶ 13-17). In addition to Hamilton Township's efforts, the Madison County Hazmat team, and the Delaware County Emergency Management Agency were also dispatched to the spill. (*Id*. ¶¶ 18-22). Further, the Delaware County police, the Indiana Department of Environmental Management, and the Indiana State Police were also asked to respond to the scene. (*Id*. ¶¶ 24, 27, 30).

On August 5, 2008, the Emergency Services Billing Corporation ("ESBC"), as the billing agent of Hamilton Township, prepared and sent an invoice to Defendants setting forth the clean-up costs that were incurred by Hamilton Township in responding to the spill. (*Id*. ¶ 35). To date, the invoice has not been paid. (*Id*. ¶¶ 35-36).

**II.     Discussion**

Count I of Plaintiff's Complaint alleges that the Defendants are responsible under the Comprehensive Environmental Response Compensation Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, for response costs as the owner and operator of a facility, from which a hazardous substance was allegedly released.  To prevail on its CERCLA claim, ESBC must establish: (1) the site in question is a "facility" under 42 U.S.C. § 9601(9); (2) a release or threatened release of a hazardous substance occurred; (3) the defendant is a responsible person for the spill; and (4) the release or threatened release caused response costs.  *Envtl. Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 506 (7th Cir. 1992).

The only issue raised in this motion to dismiss is whether the tractor-trailer owned by Vitran and operated by Brown was a "facility" as that term is defined in 42 U.S.C. § 9601(9):

> The term "facility means (A) any . . . landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located; but does not include any consumer product in consumer use or any vessel.

Although a tractor-trailer fits the statutory definition of "facility" under § 9601(A), Defendants argue that the tractor-trailer was a "consumer product in consumer use" at the time the spill occurred, and therefore, the tractor-trailer falls within the definitional exception found in § 9601(B) (the "consumer products exception").  Defendants thus conclude that ESBC may not recover response costs under CERCLA as a matter of law.

Because Congress chose not to define the phrase "consumer product in consumer use," the court looks to relevant case law for guidance.

In *Amcast Indus. Corp. v. Detrex Corp.*, the Seventh Circuit held that a tanker truck that leaked hazardous substances onto a neighboring property met the definition of a "facility." 2 F.3d 746, 750 (7th Cir. 1993). In reaching that conclusion, the Court interpreted the "consumer products exception" literally, and held that it applies to "facilities that *are* consumer products in consumer use, not for consumer products contained in facilities." *Id*. *See also Uniroyal Chemical Co., Inc. v. Deltech Corp.*, 160 F.3d 238, 257 (5th Cir. 1998) (holding that "neither the tanker truck nor trucking terminal qualifies as a consumer product in consumer use.").

The Fifth Circuit's decision in *Uniroyal, supra,* is instructive. In that case, the Court was faced with whether a tanker truck, carrying a hazardous industrial chemical that ruptured while parked at a trucking terminal, was a "facility," and, if so, whether that truck fell within the consumer products exception. 160 F.3d at 241. In reaching its decision that the tanker truck did not meet the statutory definition of "a consumer product in consumer use," the Court engaged in an in-depth analysis of the consumer products exception. *Id*. at 254-57. After considering the legislative history, other district court opinions, and the broad remedial purpose of CERCLA, the Court concluded that the phrase "consumer product in consumer use" must be given its ordinary meaning – that is, "any good normally used for personal, family, or household purposes, which was being used in that manner when the subject release occurred." *Id*. at 257. Given that definition,

4

the Court held that the tanker truck did not fall within the consumer products exception.

Contrary to Defendants' position, the tractor-trailer was not a "consumer product in consumer use." The allegations of ESBC's Complaint describe the tractor-trailer as a commercial vehicle that was transporting a 300-gallon container of UN 1903, a Class 8 corrosive liquid disinfectant. (Complaint ¶¶ 5, 8, 9, 10). UN 1903 is not a consumer product; it is a toxic, hazardous substance according to the Emergency Response Guidebook. It is the presence of that hazardous substance, which was contained in the tractor-trailer and accidentally released into the environment, that triggered CERCLA liability. The fact that the tractor-trailer was also transporting textbooks to Delta High School is beside the point. Accordingly, the court finds that the tractor-trailer, owned by Vitran and driven by Brown, which leaked a hazardous substance into the environment on July 30, 2008, met the definition of a "facility" under § 9601. Defendants' motion to dismiss is therefore **DENIED**.

### III. Conclusion

For the reasons set forth above, and for the additional reasons advanced by ESBC, Defendants' motion to dismiss (Docket # 14) is **DENIED**.

**SO ORDERED** this  7th   day of December 2011.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Renea Elaine Hooper
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
rhooper@scopelitis.com

James Piatt
PRICE WAICUKAUSKI & RILEY
jpiatt@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Thomas E. Schulte
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
tschulte@scopelitis.com

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
jwilliams@price-law.com